COOK, Justice
(concurring in the result).
This is a petition for a writ of mandamus to the trial court. Although I agree that a trial court’s order must demonstrate the court’s analysis of the prerequisites of Rule 23(a), Ala. R. Civ. P., in its order conditionally certifying a class, I believe we must clarify what is meant by “a rigorous analysis,” so that courts and parties may discern what is necessary for a class tube conditionally certified.
Even' though a trial court is certifying a class “conditionally,” the court must proceed with a Rule 23(a) analysis in order to assure that the prerequisites of Rule 23(a) are satisfied for class certification. To support the certification of a conditional class, parties must present evidence of such quality and weight as to satisfy the prerequisites of Rule 23(a). The “rigorous analysis” standard does not require the trial court to conduct a “pre-certification evidentiary hearing ... in every case — or even in most cases.” Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997). The “ ‘issues [may be] plain enough from the pleadings to determine whether the interests of the absent partiés are fairly encompassed within the named plaintiffs claim.’ ’•’ Id. at 354 (quoting General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372; 72 L.Ed.2d 740 (1982)). Such issues must be decided on a case-by-ca'se basis and not according to any rigid rule.
After reviewing the briefs in this case, I believe that the plaintiffs presented evidence of such quality and weight, in their memorandum in support of the motion for class certification, that the trial court could have analyzed each Rule 23(a) prerequisite in its order; could have found evidence of numer-osity, commonality, typicality, and adequate representation; and could have conditionally certified a class. ■ However, the trial court’s order does not reflect' any evaluation of this evidence, and it is therefore deficient, as the court failed to address the prerequisites of commonality and typicality.[5]
I agree that this cláss should be decertified and the ease remanded for a new certification hearing so that the plaintiffs may present evidence showing that the prerequisites of Rule 23(a) are met. Furthermore, in its order the trial court should address each prerequisite and indicate how the plaintiffs have met it. See also Ex parte First National Bank of Jasper, which thoroughly addresses the concerns raised by the class-action litigants in this casé regarding the necessity of conditional certification to ensure that the court will not be ousted of its jurisdiction by the subsequent filing in another court of a complaint containing identical class allegations.
ALMON, SHORES, and BUTTS, JJ., concur.

. The trial court’s order addressed the element of adequate representation, and the parties stipulated to the element of numerosity.